UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BARBARA JEAN HARTLETT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00281-NT |
| | ) | |
| MAINE HOSPITALS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff asks the Court to intervene in a dispute between her and state officials regarding the care of her adult son. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 2; Order, ECF No. 4.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2022, Plaintiff commenced an action against many of the same defendants joined in this case, alleging that the defendants violated state and federal law in the medical treatment of her adult son. *See Hartlett v. State of Maine*, No. 1:22-cv-00185-NT (the prior action). In the prior action, Plaintiff appeared to challenge a state probate court's decision

to remove her as her son's guardian and appoint the Department of Health and Human Services (DHS) as guardian. Citing in part the *Rooker-Feldman* doctrine, the Court dismissed Plaintiff's complaint. (Recommended Decision, ECF No. 5; Order Affirming Recommended Decision, ECF No. 8.)

In the complaint in this matter, Plaintiff reiterates some of the allegations asserted in the prior action and asserts that "DHS keeps giving [her son] deadly meds causing reaction which is high morbidity." (Complaint at 5.) Plaintiff alleges that the defendants have violated her constitutional rights and federal and state laws. (*Id*. at 3.) Plaintiff asks the Court to grant her "custody" of her adult son and issue a "protection order," presumably to prevent DHS and other state officials from interfering with her access to her son. (*Id*. at 7.)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

**DISCUSSION**

To the extent Plaintiff attempts to assert a claim on behalf of her son, Plaintiff's claim fails. As the Court explained in the prior action, "[t]he federal courts have consistently rejected attempts at third-party lay representation. By law an individual may appear in federal courts only pro se or through legal counsel." (*Hartlett v. State of Maine*, No. 1:22-cv-00185-NT, Recommended Decision at 5) (citing *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450–51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654)). Plaintiff, therefore, cannot assert claims on her son's behalf.

Plaintiff essentially asks this Court to overrule or declare void the probate court's order appointing DHS as guardian of Plaintiff's son. Plaintiff's claim is barred by the *Rooker-Feldman* doctrine, which "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Walczak v. Mass. State Retirement Bd.*, 141 F.3d 1150 (1st Cir. 1998) (unpublished) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In other words, as the Court wrote in the prior action:

> The *Rooker-Feldman* doctrine "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co*., 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted). "*Rooker-Feldman* squarely applies when a plaintiff insists that [a federal court] must review and reject a final state court judgment," even where a plaintiff has not "actually argued the merits of [her] claim[] in state court …." *Davison v. Gov't of P.R.-P.R. Firefighters Corps*., 471 F.3d 220, 223 (1st Cir. 2006). Application of the *Rooker-Feldman* doctrine is "not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit," but rather turns on "whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." *Klimowicz*, 907 F.3d at 66.

(*Hartlett v. State of Maine*, No. 1:22-cv-00185-NT, Recommended Decision at 5-6.)

To grant Plaintiff the relief she seeks (i.e., grant her custody or appoint her guardian of her son), the Court would have to determine, "either explicitly or

implicitly," that the probate court erred when it appointed DHS to be the guardian for Plaintiff's son. *Klimowicz*, 907 F.3d at 66. Plaintiff's claim in this Court is barred by the *Rooker-Feldman* doctrine.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## **NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of September, 2024.